UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.    § | CRIMINAL NO. 5:24-CR-01187-S-01 |
| § | |
| 1) AGAPITO JORGE VENTURA § | |
| AKAs: JORGE VENTURA, GEORGE § | |
| VENTURA, EL RAITERO § | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America (the "Government"), by Jennifer B. Lowery, Acting United States Attorney, files this Unopposed Motion for a Protective Order as to the above-captioned defendants, and in support thereof states as follows:

The Court has the ability to regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d). *See* Fed. R. Crim. P. 16(d)(1). Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *United States v. Barbeito*, 2009 U.S. Dist. LEXIS 102688 (S.D. W. Va. Oct. 30, 2009); *see also United States v. Moore*, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (unpublished). Furthermore, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

As an initial matter, the entry of the proposed protective order is consistent with Rule

1

16(d) because the discovery materials in this case implicate the privacy and safety rights of third parties. The Government is preparing discovery to be provided to counsel for the above-named defendants. That discovery includes sensitive information, including intercepted recordings, medical records and information, graphic photographs from the crash scene, witness statements, and evidence received via MLAT from Guatemala and Mexico. It also includes the names and identifying information of migrants smuggled by this organization and/or killed or injured in the December 9, 2021 mass casualty event in Chiapas, Mexico. The unrestricted dissemination of that sensitive information could adversely affect law enforcement interests and the privacy interests and safety of third parties. Although the Government is attempting to redact the information as much as possible, due to the volume of discovery, redacting all sensitive and identifying information may not be feasible in order to disclose discovery in a timely manner.

Because this case involves a complex and sensitive matter, which resulted in the death of more than 50 people and the injury of more than 100 others, there is good cause to issue a protective order pursuant to Rule 16(d)(1). The discovery material also includes information relating to cooperating witnesses and their family members, some of which have been threatened by the individuals indicted in this case. The proposed protective order is necessary to prevent the dissemination of these materials to associates of the defendants who are not incarcerated, as well as to other criminal associates who may be incarcerated with cooperating individuals. The terms of the proposed protective order will allow law enforcement officials to investigate and protect, if necessary, the safety and wellbeing of individuals who are cooperating with the government's investigation and who may be witnesses at trial.

Moreover, disclosure of discovery materials beyond that permitted by the proposed protective order might compromise ongoing criminal investigations by revealing the details of ongoing and

uncharged criminal activity in the United States, Guatemala, and Mexico. In similar cases, courts have limited the disclosure of discovery materials. *See United States v. Dorfman*, 690 F.2d 1230, 1233-34 (7th Cir. 1982); *In the Matter of the New York Times Co.*, 828 F.2d 110, 115-16 (2d Cir. 1987); *United States v. Biaggi*, 828 F.2d 110, 114-15 (2d Cir. 1987).

In order to protect sensitive law enforcement information relevant to an ongoing criminal investigation, and to protect the witnesses and their families from any potential intimidation and retribution, the Government requests that the Court enter an order placing the following restrictions on the discovery material:

1. Without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

2. Without authorization of the Court, the discovery made available by the United States to the Defendant and his attorney of record is not to be disclosed or disseminated to anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").

3. The Defendant will be permitted to view the discovery only in the presence of his attorney of record, defense investigators, or the staff of their attorney. Copies of the discovery shall not be disseminated to, or by, the Defendant. The Defendant shall not be permitted to keep or take discovery, including copies and notes of such materials.

4. Prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to the Defense Team member receiving discovery

and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.

5. In the event the Defendant seeks to use or attach the discovery material in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

6. Any filing that contains the names of victims or witnesses shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

7. At the close of this case, defense counsel shall return the discovery to the U.S. Attorney's Office, Southern District of Texas, or otherwise certify that the material has been destroyed. If, however, an appeal is filed, Defense Counsel may retain discovery until the appeal is finalized, including sharing with outside appellate counsel. Defense counsel is required to provide a copy of this Protective Order to any appellate counsel receiving discovery and obtain written acknowledgement that the appellate counsel is bound by the terms and conditions of this Protective Order.

8. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. The protective order does not limit employees of the United States Attorney's Office from disclosing the discovery to members of the United States Attorney's Office, the Department of Justice, enforcement agencies, and to the Court and defense, as necessary to comply with the government's discovery obligations.

The above captioned defendant has waived formal arraignment on the charge in the above-

numbered indictment and has entered a plea of "not guilty." Counsel for the Government has conferred with defense counsel regarding this motion, and has sent a copy of the proposed motion via email. Defense counsel has advised they are unopposed.

WHEREFORE, the Government respectfully moves this Court to enter the proposed protective order.

Respectfully Submitted,

Jennifer B. Lowery
Acting United States Attorney

*/s/ Jennifer L. Day*
Jennifer L. Day
Assistant United States Attorney

## CERTIFICATE OF SERVICE AND CONFERENCE

The Government hereby certifies that the undersigned AUSA conferred with Myrna Montemayor, counsel for Agapito Jorge Ventura, who was unopposed to the filing of this motion. The Government also hereby certifies that on the 24th day of January, 2025, it electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, which notifies all counsel of record.

*/s/ Jennifer L. Day*
Jennifer L. Day
Assistant U.S. Attorney